IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | | |
|---|---|---|
| ERIC BRIAN ROSENBERG, A/K/A E. BRIAN ROSE | | PLAINTIFF |
| VS. | CIVIL ACTION NO.: 1:25-CV-00182-HSO-BWR | |
| CITY OF OCEAN SPRINGS, MISSISSIPPI, ET AL. | | DEFENDANTS |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER

Proceeding pro se, Plaintiff Eric Rosenberg filed this action against Defendant the City of Ocean Springs as well as nine individual defendants. Although he knows Defendants are represented by undersigned counsel, Plaintiff continues to directly contact represented parties. Defendants request a protective order directing Plaintiff, during the pendency of this litigation, to communicate with the represented parties, including City officials and employees, through counsel or formal public records requests only. In the alternative, Defendants request a protective order prohibiting Plaintiff from such direct contact unless advance notice is provided to counsel.

### RELEVANT BACKGROUND

In June 2025, Plaintiff sued the City of Ocean Springs, as well as nine city officials, in their official and individual capacities.[1] His complaint is wide-ranging, asserting retaliation, defamation, and unlawful obstruction claims under the First Amendment, the Fourth Amendment, the Fourteenth Amendment, the Mississippi Public Records Act, and various other state laws.[2] Those broad claims are grounded in general communications that Plaintiff has had with Defendants

---

[1] ECF #1, at 1.
[2] *Id.* at 2.

and relate not only to the substance of those communications but the manner in which Defendants have responded.[3] Generally, Plaintiff alleges that his comments and inquiries have resulted in retaliation aimed at defaming him and obstructing his work as a "reporter."[4]

Despite defendants being represented by counsel, Plaintiff has continually made direct contact with represented parties. For example, from June 2025 to present, the City estimates that Plaintiff has sent at least 45 public records requests and at least 59 other written inquiries, including e-mails to Christine Millard (current City Clerk), Laurri Garcia (Public Relations Manager), Vicky Hupe (Deputy City Clerk), Bobby Cox (Mayor), and Patty Gaston (former City Clerk).[5] Plaintiff's reporting also reveals that he has had separate direct contact with board members.[6]

Given the pending litigation, the City requested that Plaintiff make his inquiries to undersigned counsel rather than to the represented parties directly.[7] That led to Plaintiff filing a motion to supplement his lawsuit, alleging that this request "relates to [his] existing claims" and demonstrates further retaliation.[8]

At this Court's direction,[9] counsel met and conferred with Plaintiff and proposed the following language for a protective order: "Other than public records requests submitted pursuant to Defendant the City of Ocean Springs' public records policy, pro se Plaintiff Eric Brian Rosenberg shall not make direct contact with any opposing party represented by counsel unless

---

[3] *E.g.*, *id.* at 9 (phone call with Alderman Jennifer Burgess in response to Plaintiff's letter); *id.* at 10–11 (complaining about Alderman Burgess's response to Plaintiff's public comments at a Board of Aldermen meeting); *id.* at 13–14 (complaining that City employees and officials refused to respond to Plaintiff's inquiries); *id.* at 16 (complaining about in-person interaction during Board of Aldermen meeting); *id.* at 18 (explaining Plaintiff's inquiry to the City's former Community Development Director).
[4] *Id.* at 1.
[5] Millard Declaration, Ex. A.
[6] *E.g.*, https://gcwire.com/attorney-general-asked-to-weigh-in-on-ocean-springs-city-attorney-controversy/ (last visited Oct. 20, 2025).
[7] Doc. No. 33-4.
[8] Doc. No. 34 at p.2.
[9] Oct. 10, 2025 Text Order.

- 2 -

PD.53892189.3

the opposing party's counsel is included on the contact, such as by cc e-mail. The City is a municipal entity, such that direct contact with any elected officials or city employees is included in this prohibition. This order's subject matter includes matters related to this lawsuit as well as City operations generally." In support, Plaintiff was provided with a recent, similar directive to a pro se plaintiff in the Northern District of Mississippi with respect to a public college.[10]

Plaintiff declined the proposed protective order. In doing so, he suggested that he would consider a direct contact prohibition only regarding what <u>he believed</u> was related to his lawsuit, such as exchange of information regarding the court process. It was pointed out to him that the subject matter of this lawsuit is far broader. The whole basis for the lawsuit centers on how the defendants have responded to Plaintiff's "reporting" and "inquiries".

## ARGUMENT & AUTHORITIES

Mississippi Rule of Professional Conduct 4.2 prohibits lawyers from "communicat[ing] about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so." MISS. R. PROF. COND. 4.2. Mississippi's Rule 4.2 is modeled after the near identical Rule 4.2 of the ABA's Model Rules of Professional Conduct. *See* ABA MODEL R. PROF. COND. 4.2. Both rules "forbid[] an attorney from conducting unauthorized ex parte communications with a represented party, or from effecting such communications through a third person." *In re Tucker*, 224 F.3d 766 (5th Cir. 2000) (per curiam) (unpublished). The no-contact rule "promotes efficiency, avoids potential annoyance, confusion, undue burden, or harassment toward defendants, and prevents inappropriate communications between the parties." *Palmer v. Milnor*, Case No. 19-0961-LK, 2022 WL 407389, at *6–7 (W.D. Wash. Feb. 10, 2022).

---

[10] Rockette Directive, Ex. B.

PD.53892189.3

"While pro se litigants are afforded some leniency, they 'must be held to substantially the same standards of litigation conduct as members of the bar.'" *Sumrell v. State*, 972 So. 2d 572, 574 (Miss. 2008) (quoting *Perry v. Andy*, 858 So. 2d 143, 146 (Miss. 2003)). This includes the prohibition against direct contact with a represented adversary. *See, e.g.,* Rockette Directive, Ex. B.

Plaintiff has repeatedly violated the no-contact rule since filing suit against the City, bombarding the City with numerous inquiries and requests for comment. Since he filed suit in June 2025, Plaintiff has sent at least 59 emails to City employees, <u>not including</u> the 45 public records requests that he has filed in that same time period. And it's clear that Plaintiff is using information from these impermissible contacts in this litigation and beyond given that he has sought to supplement his lawsuit with the parties responses (or lack thereof) to his direct contact.[11] This strategy violates the no-contact rule applicable to attorneys, and this Court should enforce that prohibition against Plaintiff during this litigation as well.

Consistent with Mississippi's rule requiring pro se litigants to abide by the same rules of litigation conduct as members of the bar, multiple jurisdictions around the country have imputed ethical rules prohibiting lawyers from directly contacting represented parties to pro se litigants. *See, e.g., Palmer*, 2022 WL 407389, at *6–7; *Pistolis v. Ameren*, Case No. 3:19-CV-001185-MAB, 2022 WL 2159291, at *8–9 (S.D. Ill. June 15, 2022); *Murphy v. Wilhelm*, Case No. 3:19-cv-01733-AC, 2021 WL 799307 (D. Ore. March 2, 2021); *see also Bisciglia v. Lee*, 370 F. Supp. 2d 874, 879 (D. Minn. 2005); *Hutchens v. Hutchens*, Case No. CV05-3580-PHX-DGC, 2006 WL 8440290, at *4 (D. Ariz. June 20, 2006); *Walker v. Intelli-Heart Servs., Inc.*, Case No. 3:18-cv-00132-MMD-CBC, 2019 WL 2330883, at *2 (D. Nev. May 30, 2019).

---

[11] ECF # 33; *see also supra* note 6.

Courts have enforced the no-contact rule against pro se plaintiffs through protective orders or warnings, like the one Defendants request here, under their "inherent power to regulate litigants' behavior." *E.g.*, *Palmer*, 2022 WL 407389, at *7 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–44 (1991)). Courts have applied such orders equally against pro se litigants seeking to make direct contact with private and public employees. *See id.* (prohibiting direct communication between pro se plaintiff and State defendants); *Shim-Larkin v. City of New York*, Case No. 16-cv-6099, 2017 WL 4862790, at *3 (S.D. N.Y. Oct. 25, 2017) (approving of protective order requiring pro se plaintiff to contact City employee only through the City's counsel); *Yao v. Oakland University*, Case No. 2:21-cv-10523, 2022 WL 187760, at *1 (E.D. Mich. Jan. 20, 2022) (granting motion for a protective order prohibiting pro se plaintiff from contacting public university employees).

This Court should enforce the no-contact rule against Plaintiff here, prohibiting him from directly contacting Defendants during the pendency of this litigation. Doing so would be consistent with the approach of district courts across the country, give teeth to the rules of professional conduct and the rule that pro se litigants are held to the same standards as attorneys, and prevent Plaintiff from using future communications outside the presence of counsel to further broaden this litigation in an inappropriate manner. *See Murphy*, 2021 WL 799307, at *3 n.4 (D. Ore. March 2, 2021) ("[*A*]*ny* form of direct contact by a pro se litigant with a represented party is not permitted. No harassment or intimidation need be demonstrated first before the court may exercise its inherent authority order such contact cease."); *see also Bisciglia*, 370 F. Supp. 2d at 879 (prohibiting any correspondence from pro se litigant to defendants).

In the alternative, this Court should grant a protective order prohibiting Plaintiff from directly contacting Defendants without advance notice to undersigned counsel. *See, e.g., United States v. Sierra Pacific Industries*, 759 F. Supp. 2d 1206, 1210 (E.D. Cal. 2010). A failure to do so thwarts undersigned counsel's "ability to control access to his client, a fundamental element of the attorney-client relationship." *See Runsvold v. Idaho State Bar*, 925 P.2d 1118, 1120 (Idaho 1996).

## CONCLUSION

For those reasons, the motion for a protective order should be granted.

Dated: October 20, 2025.

Respectfully submitted,

PHELPS DUNBAR LLP

BY: */s/ G. Todd Butler*
G. Todd Butler, MB #102907
Mallory K. Bland, MB #105665
1905 Community Bank Way
Suite 200
Flowood, Mississippi 39232
Telephone: 601-352-2300
Telecopier: 601-360-9777
Email: butlert@phelps.com
blandm@phelps.com

**ATTORNEY FOR DEFENDANTS THE CITY OF OCEAN SPRINGS, ET AL.**

PD.53892189.3

## CERTIFICATE OF SERVICE

I certify that, on October 20, 2025, I had this Memorandum electronically filed with the Clerk of the Court, using the CM/ECF system, and also forwarded a copy to the pro se plaintiff at this address:

Eric Brian Rosenberg
1207 Londonderry Lane
Ocean Springs, MS 39564

                                              */s/ G. Todd Butler*
                                              G. Todd Butler