EXHIBIT A

## BEFORE THE MISSISSIPPI ETHICS COMMISSION

ERIC ROSENBERG            PETITIONER

VERSUS            CASE NO.: R-25-058

CITY OF OCEAN SPRINGS, MISSISSIPPI            RESPONDENT

---

## RESPONDENT THE CITY OF OCEAN SPRINGS' ANSWER TO COMPLAINT

---

Petitioner Eric Rosenberg is attacking Respondent the City of Ocean Springs on multiple fronts. In addition to this ethics complaint, he is suing the City in federal court. He also has sent more than 25 separate public records requests to the City over the past four months and has threatened additional ethics complaints in the future.[1] Rosenberg's tactics are both abusive and meritless. Through this complaint, Rosenberg seeks settlement documents related to a prior case where the City was a named defendant. But the documents are not subject to production under the Mississippi Public Records Act ("MPRA") for numerous reasons, including that (1) Rosenberg has no standing to adjudicate a request he did not make; (2) the documents in question have been designated confidential by federal court order; (3) the litigation was defended through a non-public entity; and (4) the documents would not be subject to production in any event under governing Mississippi law. Rosenberg's complaint should be dismissed, and he should be warned to refrain from continued harassment.

---

[1] The City has disputed this number in Rosenberg's federal action, counting approximately 45 public records requests in that timeframe. Here, the City assumes Rosenberg's estimate for the sake of argument.

## RELEVANT BACKGROUND

Rosenberg publishes articles on a website called GCWire.com where he has referred to himself as a "one-man newsroom[.]"[2] He is not an attorney but often opines on legal topics and references unnamed "legal observers[.]"[3]

On June 11, 2025, Rosenberg filed a federal lawsuit against the City that alleges First Amendment retaliation under Section 1983.[4] The lawsuit is pending, and the City has filed a motion to dismiss.

Despite federal courts warning other litigants against sending public records requests during the pendency of litigation,[5] Rosenberg submitted a public records request for the executed, confidential settlement agreement (including any attached exhibits and related documents) in *Jeffrey Gray v. City of Ocean Springs*, Case No. 1:24-cv-150-HSO-BWR (S.D. Miss.), on the same day he filed his federal court lawsuit against the City. On June 20, 2025, the City denied Rosenberg's request, stating that, to the extent such documents exist, they do not constitute public records as defined in Miss. Code Ann. § 25-61-3; they are protected by attorney-client privilege, *see* Miss. Code Ann. § 25-1-102; and they are exempt from disclosure under Miss. Code Ann. § 25-61-11.

On July 22, 2025, Joseph Jewell also submitted a public records request for the final settlement terms from the *Gray* case. On July 31, 2025, the City responded to Jewell's request, stating that "there are no responsive City records[.]" The City indicated that the *Gray* case was

---

[2] https://gcwire.com/when-silence-becomes-policy-ocean-springs-and-the-price-of-retaliation/.
[3] https://gcwire.com/city-seeks-federal-order-to-silence-journalist-who-exposed-corruption/.
[4] *Rosenberg v. City of Ocean Springs et al.*, Case No. 1:25-cv-00182-HSO-BWR (S.D. Miss.).
[5] *E.g.*, Common v. Jackson Municipal Airport Authority, Case No. 3:20-cv-00745 at Doc. No. 71, p.5 (S.D. Miss. May 2, 2022) ("The Court finds that filing a public records request under these circumstances to an opposing party, during the course of litigation, in an admitted attempt to supplement civil discovery, without proper approval by the Court and without notice to the Court or to the parties) is an inappropriate subversion of the discovery process and of the Court's inherent power to control the same.").

defended through the Mississippi Municipal Liability Plan ("MMLP"), which is administered by a non-public entity, namely, the Mississippi Municipal Service Company ("MMSC"). On October 17, 2025, Rosenberg filed this complaint alleging the City's responses to his and Jewell's requests violated the Public Records Act.

**REASONS THE COMPLAINT SHOULD BE DENIED**

There are many problems with Rosenberg's attempt to obtain confidential settlement documents. Not only does the request fly in the face of a federal court order, it disregards the text and purpose of the MPRA. Justifications for denying the complaint are addressed in turn.

**I.      Rosenberg lacks standing to challenge the denial of someone else's request.**

To start, ethics complaints may be filed by "any person denied" access to records that are required to be produced under the MPRA.[6] But Rosenberg was not denied anything pursuant to the July 22, 2025 request. Only Joseph Jewell has standing to challenge the City's July 31, 2025 response. *See Bd. of Trustees of States Institutions of Higher Learning v. Van Slyke*, 510 So. 2d 490, 491 (Miss. 1987).

While the Jewell request and response are irrelevant since Rosenberg has no standing, Rosenberg's complaint is factually misleading in any event. It is not "false pretenses" for the City to have responded that, "to the extent any such documents exist," they are not subject to the MPRA. As explained below, settlement of the *Gray* case was handled through the MMSC, a non-public entity. And the settlement agreement, as well as any related documents, are not subject to production under the MPRA anyway. This means both Jewell's and Rosenberg's requests were properly denied.

---

[6] Miss. Code Ann. § 25-61-13.

## II.    A court order designates the *Gray* settlement confidential.

Under Miss. Code Ann. § 25-61-11, documents are not subject to disclosure if they are deemed confidential by a judicial decision of a Mississippi or federal court. *See Estate of Cole v. Ferrell*, 163 So. 3d 921, 925 (Miss. 2012) (recognizing "the court's authority to declare a public record confidential or privileged"); *see also WLBT v. City of Jackson*, Miss. Ethics Comm'n Op. R-16-041. Section 25-61-11 (emphasis added) specifically states that:

> The provisions of this chapter shall not be construed to conflict with, amend, repeal or supersede any constitutional law, state or federal statutory law, or ***decision of a court of this state or the United States*** which at the time this chapter is effective or thereafter specifically declares a public record to be confidential or privileged, or provides that a public record shall be exempt from the provisions of this chapter.

In the Judgment of Dismissal entered by Judge Ozerden in the *Gray* case, the court specifically provides that the case is being dismissed pursuant to a confidential settlement.[7]  As such, production was not required. *See Estate of Cole*, 163 So. 3d at 925; Miss. Code Ann. § 25-61-11; Miss. Ethics Comm'n Op. R-16-041.

## III.    The *Gray* case was defended by a non-public company.

The MMSC is a non-profit company that offers liability coverage through the MMLP.[8] Under the MMLP, members do not pay deductibles.  MMSC administers claims against its members, including retaining defense counsel and authorizing settlements.  The *Gray* case was defended by MMSC pursuant to the MMLP, meaning the City did not sign or approve the terms of the settlement agreement.

---

[7] See *Gray v. City of Ocean Springs*, Case No. 1:24-cv-150-HSO-BWR, Doc. No. 30 (S.D. Miss. June 20, 2025) attached hereto as Exhibit A.
[8] https://msmsc.com/about/liability-plan.

In addition to the court order discussed above, the relationship between the City and MMSC distinguishes this case from the Commission's decision in *WLBT, LLC v. City of Jackson.* The City of Jackson, unlike the City here, defends litigation "in house," and the City Council approves settlement agreements. That is seemingly why this Commission's opinion held that the confidential settlement agreements were public records—because the City itself entered into the settlement agreement and failed to cite authority for keeping it confidential.

This case is different for two reasons. First, the City is simply a third-party beneficiary of the settlement agreement MMSC authorized. The City did not approve of the settlement agreement's terms or pay any money to the plaintiff. Second, a federal court has issued a final judgment in *Gray* based on the confidential settlement agreement at issue here, deeming it to be "confidential." *Supra* note 9. For that reason, as explained above, the MPRA exempts it from disclosure. *See Estate of Cole*, 163 So. 3d at 925; Miss. Code Ann. § 25-61-11.

## IV.    The plain language of the MPRA protects the requested documents.

Notwithstanding the other reasons why disclosure was not required, Rosenberg's arguments fail under the MPRA's plain terms. Significantly, it does not appear that the *WLBT* decision considered or decided a primary argument for non-disclosure. There, the Commission held that "[n]o public body can agree to make a public record confidential." True enough, but that assumes that settlement agreements concerning municipal liability are not governed by some pre-existing law, which the MPRA expressly does not amend or alter. *See* Miss. Code Ann. § 26-61-11 ("The provisions of this chapter shall not be construed to conflict with, amend, repeal or supersede any constitutional law, state or federal statutory law . . . which at the time this chapter is effective."). The City was vested with limitless authority to retain insurance and legal counsel to negotiate settlement agreements on its behalf and "to pay and satisfy any negotiated settlement of

a claim" of liability against it.  Miss. Code Ann. § 25-1-47 (Rev. 1971).  That power conferred

upon the City twenty-two years before the MPRA's passage has not been altered by the MPRA.

The confidential settlement agreement also does not fall with the MPRA's definition of a

public record.  Miss. Code Ann. § 25-61-3(b) defines public records as documents "having been

used, being in use, or prepared, possessed or retained for use in the conduct, transaction or

performance of any business, transaction, work, duty or function *of any public body*."  (Emphasis

added).  As explained, any settlement agreement in *Gray* would not be a "public record" because

the case was handled by MMSC—the City's private carrier that holds authority over settlement for

claims arising under its coverage.  MMSC is not a "public body" within the meaning of the Public

Records Act,[9] and it is not a government entity over which the Ethics Commission enjoys

authority.[10]

And even if the City did retain a copy of such a settlement agreement and it were a public

record, it would be exempt from production under the attorney-client privilege outlined by Miss.

Code Ann. § 25-1-102.  Specifically, § 25-1-102 provides:

> Records in the possession of a public body, as defined by paragraph (a) of Section
> 25-61-3, which represent and constitute the work product of any attorney, district
> attorney or county prosecuting attorney representing a public body and which are
> related to litigation made by or against such public body, or in anticipation of
> prospective litigation, *including all communications between such attorney made
> in the course of an attorney-client relationship*, shall be exempt from the
> provisions of the Mississippi Public Records Act of 1983.

---

[9] Miss. Code Ann. § 25-61-3 defines "public body" as "any department, bureau, division, council, commission, committee, subcommittee, board, agency and any other entity of the state or a political subdivision thereof, and any municipal corporation and any other entity created by the Constitution or by law, executive order, ordinance or resolution," including "the governing board of a charter school authorized by the Mississippi Charter School Authorizer Board."

[10] *See City of Jackson v. Greene*, 869 So. 2d 1020, 1024 (Miss. 2004) (holding that the Commission has authority only to "investigate 'any alleged violation of law *by public officials or public employees*.'" (emphasis added) (quoting Miss. Code. Ann. § 25-4-19)); *see also* Miss. Code Ann. § 25-4-1 (purpose of Commission).

Miss. Code Ann. § 25-1-102. That broad statutory language brings any such confidential settlement agreement within the attorney-client privilege and exempts it from disclosure. Therefore, even if such agreement was in the possession of the City, it would be exempt from production.

**V.    Balancing the interests of confidential settlements and public disclosure weighs in favor of confidentiality.**

"Although Mississippi law favors public access to public records, 'public policy also favors the out-of-court compromise and settlement of dispute.'" *Estate of Cole v. Ferrell*, 163 So. 3d 921, 925–26 (Miss. 2012) (quoting Miss. R. Evid. 408 cmt.). "Generally, confidentiality helps facilitate settlement and, in turn, conserves judicial and private resources." *Id.* "Thus, public policy provides a basis for preserving the confidentiality of settlement agreements when practical." *Id.* And "[b]ecause confidentiality is a 'bargained-for element' of [these] settlement agreement[s], it should be respected, if practical." *Id.* Those interests in confidentiality are paramount when settlement agreements release municipalities from liability. Undermining that confidentiality risks subjecting public entities to costly and burdensome litigation. Thus, to the extent the Commission considers the competing interests between settlement confidentiality—a statutorily created power that pre-exists the MPRA—and public disclosure, it should resolve that conflict in a manner that promotes the confidential settlement of claims.

## CONCLUSION

For these reasons, the City did not violate the Public Records Act and Rosenberg's Complaint should be dismissed.

Respectfully submitted this the 12th day of November, 2025.

*s/ Zachary Cruthirds*
ZACHARY CRUTHIRDS (MSB 106279)
J. HENRY ROS (MSB 5668)
**CURRIE JOHNSON & MYERS, P.A.**

2355 Pass Road
Biloxi, Mississippi 39531
Telephone: (228) 385-1010
Facsimile: (228) 385-1011

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have filed the above and foregoing Answer to Ethics Commission

Complaint and sent by United States Mail and electronic mail, a true and correct copy of the above

and foregoing to the Petitioner at:

Eric Rosenberg
1207 Londonderry Lane
Ocean Springs, MS 39564
ebrianrose@gmail.com

THIS this the 12th day of November, 2025.

_s/ Zachary Cruthirds_____
ZACHARY CRUTHIRDS (MSB 106279)

ZACHARY CRUTHIRDS (106279)
J. HENRY ROS (MSB 5668)
**CURRIE JOHNSON & MYERS, P.A.**
2355 Pass Road
Biloxi, Mississippi 39531
Telephone: (228) 385-1010
Facsimile: (228) 385-1011
zcruthirds@curriejohnson.com

Case 1:24-cv-00150-HSO-BWR   Document 55   Filed 06/20/25   Page 1 of 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

JEFFREY GRAY                                                                                     PLAINTIFF

VS.                                                          CIVIL ACTION NO.: 1:24-CV-150-HSO-BWR

CITY OF OCEAN SPRINGS, MISSISSIPPI;
CODY GILL; AND DAVID WILDER                                                        DEFENDANTS

### AGREED AMENDED JUDGMENT OF DISMISSAL WITH PREJUDICE

The parties have agreed to and announced to the Court a confidential settlement of this case

and, the Court, being advised that the parties have an informed understanding of their rights and a

full appreciation of the consequences of the confidential settlement, is desirous that this matter be

finally closed on the docket.

IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is hereby DISMISSED

WITH PREJUDICE as to all parties and all claims, with the parties to bear their own costs.

SO ORDERED AND ADJUDGED, this the 20th day of June, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM AND CONTENT:


*/s/ Michael R. Martz*                                    */s/ Robert W. Wilkinson*
Michael R. Martz                                          Robert W. Wilkinson

*ATTORNEY FOR PLAINTIFF*                    *ATTORNEY FOR DEFENDANTS*